

# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### 219 SOUTH DEARBORN STREET
### CHICAGO, ILLINOIS 60604

**THOMAS G. BRUTON**
CLERK

312-435-6860

October 4, 2021

**In re: Wells Fargo Equipment Finance, Inc. v. Titan Leasing, Inc. et al, Case No. 10 CV 04804**

David Alexander Darcy
Darcy & Devassy PC
444 N. Michigan Avenue
Suite 3270
Chicago, IL 60611
312-784-2400
Email: adarcy@darcydevassy.com

Thomas V Askounis
Askounis & Darcy, PC
444 N Michigan Ave Ste 3270
Chicago, IL 60611
312/784-2400
Email: taskounis@askounisdarcy.com

Laura Nicole Heft
Askounis & Darcy, Pc
444 North Michigan Avenue
Suite 3270
Chicago, IL 60611
(312) 784-2400
Email: lheft@askounisdarcy.com

Lauren H Cooper
Actuate Law, LLC
641 W. Lake Street
5th Floor
Chicago, IL 60661
312-579-3108
Email: lauren.cooper@actuatelaw.com

Matthew Scott Raczkowski
Askounis & Darcy, PC
401 N. Michigan Ave., Suite 550
Chicago, IL 60611
(630) 373-6288
Email: mraczkowski@askounisdarcy.com

Debra Devassy Babu
Askounis & Darcy, P.C.
444 N. Michigan Ave.
Suite 3270
Chicago, IL 60611
312/784-2400
Email: ddevassy@askounisdarcy.com

David Rubenstein
Rubenstein Business Law
30 S. Wacker Drive
22nd Flr.
Chicago, IL 60606
312-466-5612
Email: drubenstein@rubensteinbusinesslaw.com

James Dennis Ossyra
Daspin & Aument, LLP
300 S. Wacker Dr.
Ste. 2200
Chicago, IL 60606
(312)258-3787
Email: jossyra@daspinaument.com

Lawrence A. Stein
Aronberg Goldgehn Davis & Garmisa, LLC
330 North Wabash Avenue
Suite 1700
Chicago, IL 60611
(312) 755-3133
Email: lstein@rathjewoodward.com

| | |
|---|---|
| Brian K LaFratta | Timothy M Schaum |
| Huck Bouma PC | Daspin &Aument LLP |
| 1755 S. Naperville Road | 300 South Wacker |
| Suite 200 | Suite 2200 |
| Wheaton, IL 60189 | Chicago, IL 60606 |
| (630) 221-1755 | (312) 258-1600 |
| Email: blafratta@HuckBouma.com | Email: tschaum@daspinaument.com |

Dear Counselors,

I have been contacted by Judge Charles R. Norgle, Sr, who presided over the above-mentioned case.

Judge Norgle informed me that it has been brought to his attention that while he presided over the case, he owned stock in Wells Fargo & Company. His ownership of stock neither affected nor impacted his decisions in this case. However, his stock ownership would have required recusal under the Code of Conduct for United States Judges, and thus, Judge Norgle directed that I notify the parties of the conflict.

Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

> [A]judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek, and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified."

With Advisory Opinion 71 in mind, you are invited to respond to Judge Norgle's disclosure of a conflict in this case. Should you wish to respond, please submit your response on or before October 18, 2021. Any response will be considered by another judge of this court without the participation of Judge Norgle.

Sincerely,

Thomas G. Bruton
Clerk of Court